# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2012

## STATE OF TENNESSEE v. CHRISTOPHER LANCE OSTEEN

**Appeal from the Circuit Court for Madison County**
**No. 11-75      Donald H. Allen, Judge**

**No. W2011-02714-CCA-R3-CD  - Filed January 25, 2013**

The defendant, Christopher Lance Osteen, was convicted of burglary, reckless aggravated assault, unlawful possession of a weapon, evading arrest, and resisting arrest and was sentenced by the trial court as a Range II offender to an effective term of sixteen years, eleven months, and twenty-nine days.  On appeal, he challenges the trial court's enhancement of his sentences by the use of prior convictions that were listed in his presentence report but not included in the State's notice of enhanced punishment.  Following our review, we affirm the sentencing determinations of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Christopher Lance Osteen.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Brian M. Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On September 21, 2011, a Madison County jury convicted the defendant of burglary, a Class D felony; reckless aggravated assault, a Class D felony; unlawful possession of a weapon with the intent to go armed, a Class A misdemeanor; evading arrest, a Class A misdemeanor; and resisting arrest, a Class B misdemeanor.  The convictions were based on the defendant's actions early on the morning of September 26, 2010, when he broke into the

Old County Store in Jackson and stole food items, fled from officers who responded to the store's alarm, fought with the officers who tackled him to the ground, shot one officer in the forearm, and attempted to shoot a second officer before being disarmed and subdued by the officers.

At the sentencing hearing, the State, over the defendant's objection, introduced the defendant's presentence report, which reflected that the twenty-five year-old defendant had a substantial history of criminal convictions and criminal behavior in addition to the felonies upon which the State relied to establish the defendant's range classification. The State, additionally, presented the testimony of Jackson Police Officer Mark Headen, the officer who had been shot by the defendant during the struggle outside the Old Country Store. Officer Headen testified that his hand no longer worked correctly and that he had a fifteen percent permanent impairment in his left arm due to the defendant's actions. He said he believed that the defendant, who knew he was a police officer, had intended to kill him, and he requested that the trial court impose the maximum sentence under the law.

In an allocution before the court, the defendant apologized to Officer Headen, telling him that he was "deeply sorry" for the officer's injuries and took full responsibility for his actions. The defendant also stated that he had acted stupidly by struggling with the officers but that it was never his intention to hurt Officer Headen or anyone else. Finally, the defendant asked that the court take the circumstances of the offense, including the items he had stolen and "what [the burglary] was about," into consideration in setting his sentence.

At the conclusion of the hearing, the trial court found that the defendant was a Range II offender based on his five prior felony convictions, two of which occurred on the same day and which the court therefore counted as a single offense for range classification purposes. The court further found that the following enhancement factors were applicable: the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish his range; the personal injury inflicted upon the victim was particularly great; and the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(1), (6), (8) (2010). The court gave great weight to enhancement factors (1) and (8) and moderate weight to enhancement factor (6). The court found as a mitigating factor that the defendant was sincerely remorseful and accepted responsibility for his actions, and it assigned that factor moderate weight. The trial court sentenced the defendant to the maximum sentences of eight years as a Range II offender for the burglary and aggravated assault convictions, eleven months, twenty-nine days at seventy-five percent for the weapon conviction, six months at seventy-five percent for the resisting arrest conviction, and eleven months, twenty-nine days at seventy-five percent for the evading arrest conviction. Finding the defendant to be an offender whose record of criminal activity was extensive, see Tenn.

Code Ann. § 40-35-115(b)(2) (2010), the court ordered that the two eight-year sentences for aggravated assault and burglary be served consecutively to each other and consecutively to the eleven-month-twenty-nine-day sentences for unlawful possession of a weapon and evading arrest. The court ordered the misdemeanor sentences to be served concurrently to each other, for a total effective sentence of sixteen years, eleven months, and twenty-nine days.

## ANALYSIS

The defendant contends on appeal, as he did before the trial court, that the trial court should not have based any of its sentencing determinations on criminal convictions that were listed in his presentence report, arguing that "his prior record should be limited to those contained in the notice filed by the [S]tate and consideration of and reliance on other convictions not listed in the notice at the sentencing hearing was improper." In support, he cites State v. Daniel Leon Lee, No. M2010-00103-CCA-R3-CD, 2011 WL 1085110, at *1 (Tenn. Crim. App. Mar. 23, 2011), in which this court concluded that the trial court improperly considered convictions that were listed in a defendant's presentence report but not included in the State's notice of enhanced punishment in order to establish the defendant's sentencing range.

The State responds by arguing that the defendant's reliance on Lee is misplaced because the trial court in the case at bar relied on the additional convictions not to establish the defendant's range classification, but instead to enhance his sentences within the range. We agree with the State.

The defendant does not contest either the accuracy of his presentence report or the timeliness of the State's notice of enhanced punishment, in which the State listed the felony convictions upon which it was relying in support of its argument that the defendant should be sentenced as a multiple offender. See Tenn. Code Ann. § 40-35-202(a) (2012). Instead, the defendant appears to argue that the trial court is limited in its sentencing determinations to only those convictions that are included in the State's notice of enhanced punishment. The defendant is mistaken. Under the 2005 amendments to the sentencing act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

The record in this case reflects that the trial court properly imposed sentences within the applicable range after considering the relevant purposes and principles of sentencing and the enhancement and mitigating factors applicable in the case. We, therefore, affirm the sentencing determinations of the trial court.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE

-4-